## HENRY E. ROBINSON, Syndic, *v.* LEWIS NEVILLE SHELTON and others.

Where notes given for the price of property, sold by one in insolvent circumstances for the purpose of giving an undue preference to certain creditors, have, in the ordinary course of trade, come into the possession of third parties, without notice of the nullity of the sale, the latter will be protected.

The authority given by law to the Cashiers of banks to execute acts of pledge, confers on those officers only the powers of Notary Publics in relation to those contracts ; and none of the forms essential to the contract can be dispensed with.

It is essential to the validity of a pledge, as to third persons, that notes or other obligations payable to bearer or order, which form the subject of the pledge, should be endorsed by the payee or pledgor   C C. 3128.

An action to rescind a contract of sale or pledge made by an insolvent, on the ground of its having been executed with intent to give a preference to certain creditors, is prescribed by one year.  C. C. 1982.

APPEAL from the District Court of the First District, *Buchanan*, J.

BULLARD, J.   This is a revocatory action instituted by the syndic of the creditors of Samuel Chapman, to annul several contracts of sale of various tracts of land, alleged to have been made in fraud of the creditors by the insolvent, previous to his surrender.   Some of these sales were made to Adolphus Follin, and others to Shelton.   It is alleged that the notes given by the purchasers were fraudulently handed over to several creditors of Chapman, with the view of giving them undue preferences over other creditors of the insolvent, and that the Atchafalaya Bank, the Bank of Orleans, Edmondston & Co. and John S. Turner, had thus illegally received the notes.   They, together with the purchasers, were all made parties.

The Atchafalaya Bank answered by a general denial, and a plea of prescription.

Shelton, in his answer, admits the contract, and that he executed the notes set forth in the petition, and he joins in the prayer of the petition that the notes may be given up, and consents that the contracts may be cancelled.   In answer to interrogatories, he admits his knowledge of the failing circumstances of Chapman, and that the sale was made to secure Edmondston & Co. of Charleston, to whom Chapman was indebted, and that the notes were to be given up, and the land to be re-conveyed.

The Bank of Orleans answered by a general denial.

Turner answered that the note which he holds was given to him by Chapman as security for endorsements made for him by the respondent, that he has paid, or is liable to pay said endorsements, and avers his right to retain the note until refunded.

The assignees of Edmondston & Co., who were made parties, answer by a general denial; and they further aver that if the plaintiff ever had any right to the notes, it is prescribed by the lapse of one year.

There was a judgment annulling the sale to Follin, but in favor of Shelton and the other defendants, holders of the notes.   The syndic has appealed.   There is no appeal from the judgment so far as it concerns the sale to Follin; and the questions which the case presents relate to the validity of the sale to Shelton, and

the right of the other parties to retain the notes given for the price.

Shelton, in answer to interrogatories, admits the simulation in the sale to him, and that the land was, by an understanding between the parties, to be re-conveyed, and that it was intended for the benefit of Edmondston & Co., but without their authority. He cannot tell at what time they were informed of the transaction or received the notes. He knew the insolvent situation of Chapman.

The insolvency is clearly established, and we have no doubt of the fraudulent character of the sale to Shelton, as well as of that to Follin. The evidence in the record establishes it to our satisfaction; and the only question which presents the least difficulty, is in relation to the holders of the notes.

The defendants do not aver that they took the notes as endorsees in the ordinary course of business, but that they hold them in pledge, or as collateral security for debts due by Chapman, the insolvent. If, in the ordinary course of trade, they had passed, the holders, without notice of the nullity of the sale, would have been entitled to protection. But the plea pre-supposes that the notes still belong to Chapman, and the inquiry is, whether the defendants have furnished sufficient evidence of a contract of pledge, to conclude the creditors of Chapman represented by the syndic.

The acts of pledge in favor of the Atchafalaya Bank, by Chapman, were executed before the Cashier. The notes pledged are described, and the debt to be secured set forth rather loosely, but perhaps with sufficient certainty. The authority given by law to the Cashiers of banks to execute acts of pledge, does not extend further than to give those officers, in relation to that kind of contract, the powers of a Notary Public, and none of the essential forms can be dispensed with. It is essential to the validity of a pledge, as to third persons, that it should appear that the note, or other obligation payable to bearer or order, which forms the object of the contract of pledge, was endorsed by the payee or pledgor. This does not appear to have been done, nor is it shown that the notes were put and remained in possession of the pledgees. Civ. Code, arts. 3126 to 3129. The alleged pledge to the Bank

of Orleans is still more defective. It consists of a letter address-ed by Chapman to the Cashier, enclosing the note, and stating that he pledges it to the Bank as collateral security for the accep-tance of two drafts drawn on Edmondston & Co., without stating their amount, and without any evidence of the assent of the Bank at the time. Nor is there any sufficient evidence of a valid pledge in relation to any of the notes, and we cannot give effect to such informal transactions to the prejudice of the creditors of Chap-man.

The plea of prescription cannot avail the defendants. If the only ground of nullity of the sales and pledges of the notes, had been the preference attempted to be given by Chapman to some of his creditors, the action could not have been brought after one year from the date of such contracts. But other grounds of nul-lity and fraud are alleged ; and it is enough that no contract of pledge has been shown, legal in form, to conclude the creditors of Chapman. See 4 Mart. N. S. 632. 14 La. 308.

It is, therefore, adjudged and decreed that the judgment of the District Court be reversed ; and proceeding to render such judg-ment as ought, in our opinion, to have been given below, it is fur-ther ordered and decreed that the contracts of sale set forth in the petition be rescinded and annulled, that the notes set forth in the petition be given up by the defendants to be cancelled, and that the costs of both courts be paid by the defendants.

*Cohen* and *I. W. Smith*, for the appellant.

*Strawbridge, Hoffman*, and *L. Pierce*, contra.