## LOUISIANA STATE BANK v. DUPLESSIS et al.

A prayer for a trial by jury is not too late, though made after the case had been set for trial and continued, if it be not actually fixed for trial at the time of the prayer. The object of art. 495 of the Code of Practice is to prevent a cause from being delayed, by interposing a prayer for a jury after it has been set for trial on a particular day.

APPEAL from the District Court of the First District, *Buchanan*, J. *Grima*, for the appellants. *R. Hunt*, and *Grymes*, for the defendants. The judgment of the court was pronounced by

SLIDELL, J.   After issue joined, the defendant *Ledoux*, by a supplemental answer, prayed for a trial by jury, which the court refused, and a bill of exceptions was taken.

The Code of Practice, art. 495, declares that the defendant, who wishes for a trial by jury, must pray for it in his answer, or previous to the suit being set down for trial.   It appears that this cause had been set for trial several times, and had been continued without day.   At the time that the prayer for a jury was made, it does not appear that the cause was *then* set down for trial.   If this reason had existed, we should have sustained the refusal; but the mere fact that on former occasions the cause had been set for trial, was not a sufficient reason for rejecting the application.   There is, we are informed, a difference of opinion among the district judges of New Orleans, on this point; but that which we have expressed we believe to be in accordance with the intention of the lawgiver.   The object was, that when the cause stood assigned for a particular day on the trial list of court cases, the cause should not be delayed by interposing a prayer for a jury.

The plaintiff cites, as sanctioning a different interpretation, the decision in *Menefee* v. *Johnson*, 2 Rob. 277.   But on examining that case, we find the court merely stated, in the words of the Code of Practice, that the prayer for a jury came too late, after the cause had been set for trial.   What the particular circumstances then were the opinion does not state, nor, on examining the record, have we been able to ascertain them.   So that we are unable to say, whether the facts are the same as those now presented.

Considering that the defendant had a right to have his cause tried by a jury, and has been deprived of that privilege, we are obliged to remand the cause. See the case of *Whitehead* v. *Brigham*, 1 An. Rep. 317.

It is therefore decreed that the judgment of the court below be reversed, and that this cause be remanded for a trial by jury; the plaintiffs paying the costs of this appeal.