## No. 5890.

### Mrs. Widow L. Cormier vs. M. Soye et al.

This is an injunction suit to stay the sale under executory process by the defendants of certain property belonging to plaintiff, and mortgaged to secure the payment of two promissory notes. The plaintiff alleges fraud and misrepresentation on the part of defendants in obtaining her signature.
The plaintiff makes affidavit to the truth of all the allegations of her petition. In a supplemental petition, containing no new matter, she prays for trial by jury. The prominent question in this case is the question of fraud. It has been repeatedly decided by this court that it is peculiarly within the province of a jury to determine questions of fraud. Therefore the judge a quo erred in refusing a jury trial. The case must be remanded.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J.* *E. Howard McCaleb,* for plaintiff and appellant. *Charles F. Claiborne,* for defendants and appellees.

Taliaferro, J. This is an injunction suit to stay the sale of certain mortgaged property belonging to the plaintiff and seized under executory process by the defendants. The judgment of the lower court was in favor of the defendants, and the plaintiff appealed.

The plaintiff assigns as error patent on the record the refusal of the judge a quo to grant plaintiff a trial by jury, and prays for that reason alone that the judgment appealed from be set aside and the cause remanded for trial before a jury as prayed for.

The facts seem to be that Madam Cormier executed two promissory notes on the twenty-fourth of May, 1870, payable to her own order and indorsed by her, payable one year after date, each note for the sum of

three thousand dollars.    These notes were delivered to Soye for her indebtedness to him, and to secure the payment of these notes she executed a mortgage on a lot of ground and buildings thereon situated in the city of New Orleans.

On the fifth of June, 1873, she signed an act purporting to be a mortgage on another lot of ground with the buildings upon it, for the purpose of further securing the payment of the two notes given the twenty-fourth of May, 1870.    When the defendants proceeded *via executiva* against these two lots of ground and caused them to be seized, the plaintiff enjoined the sale on the ground that her signature to the act of the fifth of June, 1873, was obtained by fraud and false representations on the part of the defendants; that upon false statements to her as to the object in view in requiring her signature to the act, and without reading it or being given an opportunity to read it, and by threats of foreclosing the mortgage she had executed previously, she signed the act in ignorance of what it was; that she never consented to give a mortgage on property when she put her signature to the act of the fifth of June, 1873; that the defendants' agent brought the act to her house, representing that it was an agreement to postpone the foreclosure of the mortgage executed by her on the twenty-fourth of May, 1870; that the notary whose name appears to the act was not present when it was signed, and that she never appeared before him to execute the said act as is falsely stated therein.

The plaintiff makes affidavit to the truth of all the allegations of her petition.    In a supplemental petition, containing no new matter, she prays for trial by jury.

The prominent issue in this case is the question of fraud.    It has been repeatedly decided by this court that it is peculiarly within the province of a jury to determine questions of fraud, and we think the judge erred in refusing a jury trial.

It is therefore ordered that the judgment appealed from be annulled and reversed.    It is further ordered that this case be remanded to the court of the first instance to be tried *de novo*, with instructions to the judge *a quo* to grant a trial by jury, as prayed for by the plaintiff in her supplemental petition.    It is further ordered that the defendants in injunction pay the costs of this appeal.

### On Rehearing.

TALIAFERRO, J.    We find nothing on a review of this case that inclines us to disturb the decree first rendered by us.    It is therefore ordered that our former decree in this case remain unaltered.

WYLY, J., *dissenting.*    Plaintiff enjoined the executory process sued out

by defendant on her mortgage notes mainly on the ground that the act of mortgage was "procured by fraud, misrepresentation, and falsehood."

Defendants, in their answer, changed the action from an executory process to a suit *via ordinaria* for the foreclosure of the mortgage. Subsequently plaintiff filed a supplemental petition praying for a trial by jury, without annexing an affidavit as required by article 494 of the Code of Practice. That article requires that in all suits on promissory notes, bills of exchange, and generally on all unconditional obligations, the party desiring a trial by jury shall "make oath that the signature to said note or other obligation is not genuine, or that he expects to prove the same had been obtained through fraud or error, or want or failure of consideration."    *    *    *    *    *    *    *    *    *    *

The law is mandatory; it prohibits a trial by jury in a suit on an unconditional obligation, "unless the defendant shall make oath," etc. Now, is a mortgage note less an unconditional obligation than a note without a mortgage? A mortgage imports a confession of judgment; it authenticates the note and gives it a higher character than it before possessed. Here, then, is a suit to obtain a personal judgment on a promissory note and to have the mortgage given to secure it rendered executory. Yet plaintiff insists that she was entitled to a trial by jury, notwithstanding she failed to make oath as required by article 494 of the Code of Practice.

The affidavit annexed to the petition for the injunction does not affirm that the note was obtained through fraud, or error, or want or failure of consideration. It merely supports the averment of the petition that the act of mortgage was "procured by fraud, misrepresentation, and falsehood." This is not sufficient to obtain a trial by jury of the demand on the note, because it in no sense complies with the positive provision of article 494 of the Code of Practice.

The case of Haines vs. Verret, 11 An. 122, is directly in point, and the court refused to allow a trial by jury in an executory process changed into a suit *via ordinaria*, on the ground that the sum demanded was an unconditional obligation, and there was no affidavit denying defendant's signature or averring that it had been obtained through fraud, or error, or want or failure of consideration. The note is the principal obligation; the mortgage is an accessory obligation. In the face of the positive requirement of article 494 of the Code of Practice has the plaintiff the right of a trial by jury on the principal demand because of the affidavit she made in regard to the mortgage? Which is to control, the accessory or the principal demand? It is the general rule that the accessory follows the principal. But in the case at bar it seems to me the majority of the court is reversing this rule. But the gravest objection is, the court, by the ruling in this case, virtually amends article 494 of the Code of

Practice in regard to the right of trial by jury. This law, which is undoubtedly mandatory, prohibits a trial by jury on a promissory note "unless the defendant make oath that his signature to said note or other obligation is not genuine, or that he expects to prove that the same had been obtained through fraud, or error, or want or failure of consideration." * * * Here no such oath has been made by plaintiff in injunction, who is defendant in this proceeding, changed into a suit to foreclose the mortgage *via ordinaria*.

It is true she swore that the mortgage was "procured by fraud, misrepresentation, and falsehood." But the law does not say a jury trial may be had in a suit on a mortgage note if the defendant shall swear that the mortgage given to secure the note was "procured by fraud, misrepresentation, and falsehood."

In my opinion, the terms of a mandatory law must be complied with strictly. A conditional right ought not to be allowed, unless the party claiming it has complied strictly with the conditions prescribed by law. And the court has no authority to accept a compliance with conditions not prescribed by law as a substitute for a compliance with the conditions fixed by law. The moment the court permits the conditions precedent to be varied, or allows others to be substituted therefor, it transcends the bounds of duty and encroaches upon the functions of the legislative department.

I therefore dissent in this case.