## No. 3291.

### Wheeless & Pratt vs. F. M. Fisk.

The discharge granted by the bankrupt court to the defendant will protect him from further responsibility to plaintiffs, but it can not avail to dismiss the appeal. The plaintiffs have the right to make the surety on the suspensive appeal bond liable, in case it should be determined that the judgment appealed from is correct.

Where a State court has obtained lawful jurisdiction of the parties and the subject-matter, that jurisdiction continues as long as the amount due is in dispute or remains unascertained.

The trial by jury in the case was properly refused, it being the settled practice of the court below to refuse application for a jury after the case has been once fixed and continued by preference. The case having been set down for trial, the application for a jury was too late.

The defense based upon the allegation that the contract sued upon was of an aleatory character and therefore immoral is not well founded. The fact that defendant only furnished a part of the price necessary to buy the gold ordered to be bought, or, as it is technically called, a margin, did not make the contract immoral. Like all other commercial ventures, it might result advantageously or not, according to the circumstances, but that did not make it unlawful.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. Breaux, Fenner & Hall,* for plaintiffs and appellees. *M. M. Cohen* and *W. B. Lancaster,* for defendant and appellant. *Semmes & Mott,* for defendant's assignee in bankruptcy.

#### On Motion to Dismiss.

Wyly. J. On the first of February, 1871, the defendant took a suspensive appeal from the judgment against him for $977 46. He was

subsequently adjudged a bankrupt, and at the trial in this court offered his discharge in bar of the action against him, and prayed that the appeal herein be dismissed.

The discharge granted by the bankrupt court to the defendant will protect him from further responsibility to the plaintiffs, but it can not avail to dismiss the appeal. The plaintiffs have the right to make the surety on the suspensive appeal bond liable in case it should be determined that the judgment appealed from is correct. This court has authority to revise that judgment and settle the controversy, because, as we have just decided in the case of Switzer vs. Heinn, where a State court has obtained lawful jurisdiction of the parties and the subject matter, that jurisdiction continues as "long as the amount due is in dispute or remains unascertained." Bump on Bankruptcy, sixth edition, pages 187, 198, 199, and authorities there cited. The assignee, however, has not been cited.

It is therefore ordered that this case be continued, in order to make the assignee of the bankrupt, F. M. Fisk, a party to this appeal.

## On the Merits.

Ludeling, C. J. This is a suit for a balance due plaintiffs for cash advances, interest, and commissions on certain purchases and sales of gold made by them by order and for account of the defendant. The defense is that the contract was immoral, being an aleatory contract, and that the defendants had no right to sell the gold.

Before the trial, defendant prayed for trial by jury, which was refused, we think, properly. The case had been fixed for trial on the tenth of November; on that day the case was "continued by preference." The judge *a quo* states: "It is the settled rule of practice in this court that a continuance of a cause by preference means a continuance to a fixed day, viz.: to a day two weeks from the day from which it is continued. * * It is also a settled practice of this court to refuse applications for jury after a case has been once fixed and continued by preference." The case having been set down for trial, the application for trial by jury was too late. C. P. 495.

The evidence sustains the plaintiffs' demand. The fact that defendant only furnished a part of the price necessary to buy the gold, or, as it is technically called, a *margin*, did not make the contract immoral. The contract, like all commercial ventures, might result advantageously or not, according to circumstances, but that did not make it unlawful.

It is therefore ordered that the judgment be affirmed with costs.

Morgan, J., *dissenting.* The case was fixed for trial. On the day fixed it was not reached, and was continued with preference. Before it was again called application was made for trial by jury.

The case was, in my opinion, in no sense fixed for trial when the application was made. It was only continued to be called with preference at the next calling. It would have been fixed when called, or not, as it might be ordered, or not, to be fixed. The case not having been fixed when the application for a jury was made, I think the application was improperly refused.

Howell, J., *dissenting.* I concur in the above dissenting opinion.