IJAMLIN, Justice.
 

 Remedial writs were granted herein, under our supervisory jurisdiction (Article VII, Section 10, Louisiana Constitution of 1921, LSA), to review an order of the trial court refusing relators a trial by jury. The following chronological facts preceded and followed said order:
 

 July 26,1955. Mrs. Angela Marie Bonneval Todt filed suit (No. 339,552, Civil District Court) against her divorced husband, Maurice Todt, praying that a community settlement be set aside because of al’eged false and fraudulent representations. She
 
 *171
 
 also prayed for other relief, as will be more fully set forth hereunder. •
 

 August 5, 1955: Preliminary injunction issued.
 

 September 14, 1955: Mrs. Angela Marie Bonneval Todt instituted a second suit (No. 340-436, Civil District Court), filed against her divorced husband’s sister, Miss Gertrude V. Todt. She attacked both the community property settlement and the ownership of certain real estate standing and registered in the name of Gertrude V. Todt.
 

 December 1, 1955: First case (No. 339,552) placed on the call docket.
 

 January 16, 1956: No. 339,552 set for trial — continued to February 6, 1956.
 

 February 6, 1956: No. 339,552 continued to February 27, 1956.
 

 February
 
 27,
 
 1956: No. 339,552 continued indefinitely.
 

 May 29, 1956: No. 339,552 set for trial — continued to be reassigned.
 

 July 11, 1956: Mrs. Cecile L. Bonneval Crowley, as Testamentary Executrix, substituted as party plaintiff in Nos. 339,552 and 340-436 — Mrs. Angela Marie Bonneval Todt having died.
 

 July 13, 1956: Nos. 339,552 and 340-436 consolidated for trial.
 

 August 31, 1956 Alleged legatees of Mrs. Angela Marie Bonneval Todt made parties plaintiff.
 

 June 17, 1957: Consolidated cases set for trial on this date; trial continued until October 7, 1957.
 

 July 2, 1958: Consolidated cases set for trial on this date; trial continued to October 20, 1958.
 

 October 20, 1958: Consolidated cases fixed for trial on this date; upon motion of counsel, trial continued to be reassigned.
 

 November 20, 1958: Defendants filed a supplemental answer and a prayer for trial by jury.
 

 December 1, 1958: Prayer for a trial by jury denied.
 

 December 12, 1958: Trial court refused to grant defendants a suspensive appeal from its ruling refusing them a trial by jury.
 

 
 *173
 
 January 6, 1959: Consolidated cases set for trial on this date; upon motion of counsel continued until January 27, 1959.
 

 January 7, 1959: Defendants applied for writs to the Supreme Court of Louisiana.
 

 January 12, 1959: Writs granted by the Supreme Court.
 

 January 27, 1959: Consolidated cases set for trial on this date; continued to be reassigned.
 

 In his reasons for denying relators a jury trial, the trial judge stated:
 

 “This matter was called for trial sometime ago and because of the nature of the case, which involved an intricate accounting, I availed myself of the right granted by the Code of Practice and appointed an expert accountant to examine the affairs of the community and to report in writing to the Court, in the meantime continuing the case to be reassigned upon the conclusion of the audit. Instead of the auditor appointed by the Court making the audit, the parties agreed that each would select their own expert to examine the books and records, none of which was with the knowledge or approval of the Court, although the Court made no objection when it was called to its attention.
 

 “When Counsel for the plaintiff informed me that the account'was ready, I refixed the case ex parte for further evidence and trial on December 15, 1958, following which the defendant filed his supplemental answer and prayer for trial by jury.
 

 “In view of the fact that the case was called for trial and an expert was appointed by me to examine the affairs of the community and the case was continued to await his report, I conclude that the case had already been opened and continued for further evidence, and that the supplemental petition and prayer for trial by jury at this time comes too late. The prayer for a trial by jury is therefore denied.”
 

 In our approach to the questions herein presented, we feel constrained to first decide whether the consolidated cases were definitely on the trial list of court cases docketed for December 15, 1958. The above reasons of the trial judge state that by ex parte action he re-fixed the date of trial as December 15, 1958. However, the printed official docket of the Civil District Court reflects that on Monday, December 15, 1958, the trial judge was “sitting in the Seventeenth Judicial District Court for the Parish of Lafourche.” There is no men
 
 *175
 
 tion of a transfer' of the cases to another division of the Civil District Court; nor did the printed official docket list these consolidated cases as being fixed for trial on Monday, December 15, 1958. Under the circumstances, we conclude that the ex parte action of the trial judge was neither confirmed nor followed by any affirmative act showing that December 15, 1958 was the date fixed for trial.
 

 We revert to the date of November 20, 1958 — these consolidated cases having previously been continued on October 20, 1958, to be reassigned. It is the contention of defendant relators that on November 20, 1958, when they filed their prayer for a trial-by jury, the consolidated cases were in abeyance and had not been reassigned for trial on a definite date; and that, under Article 495, ’Louisiana Code of Practice, their prayer should have been granted.
 

 In answer to the rule to show cause why the instant writs should not be granted, the trial judge states that relators’ prayer for a jury trial came too late for the reason “ * * * that the case had already been open for trial and continued to await the report of the expert, and continued and refixed again, after many delays, for October 20, 1958, before the application for a jury trial was made.”
 

 Article 495' of the Louisiana Code of Practice provides:
 

 “The defendant, in order to avail himself of the same privilege, must pray for a jury iii his answer, or previous to the suit being set down for trial.
 

 “Nevertheless, if in his answer the defendant have only declined .the jurisdiction of the court, without answering to the merits, he may, if the plea be overruled, pray for a jury in his answer to the merits.”
 

 We must determine whether or not a case, set for trial, continued a number of times, and then continued to be reassigned, is set down for trial within the contemplation of Article 495 of the Louisiana Code of Practice, supra.
 

 We find that as early as 1847, in the case of Louisiana State Bank v. Duplessis, 2 La.Ann. 651, an issue identical to that presented for our decision was considered. There, after issue joined, the defendant prayed, for a trial by jury. In reversing the judgment of the trial court refusing to grant defendant’s prayer, this Court stated:
 

 “The Code of Practice, art. 495, declares that the defendant, who wishes for a trial by jury, must pray for it in his answer, or previous to the suit being set down for trial. It appears that this cause had been set for trial several times,
 
 and had been continued without day.
 
 At the time that the prayer for a jury was made, it does not appear that the cause was then set down for trial. If this reason had
 
 *177
 
 existed, we should have sustained the refusal;
 
 but the mere fact that on former occasions the cause had been set for trial, was not a sufficient reason for rejecting the application.
 
 There is, we áre informed, a difference of opinion among the district judges of New Orleans, on this point; but that which we have expressed we believe to be in accordance with the intention of the lawgiver. The object was, that when the cause stood assigned for a particular day on the trial list of court cases, the cause should not be delayed by interposing a prayer for a jury.” (Emphasis ours.)
 

 In the case of Gallagher v. Hebrew Congregation of Baton Rouge, 34 La.Ann. 526, this Court remanded the cause for a trial by jury, holding that under the following facts the trial judge was incorrect in refusing the defendants’ prayer for such a trial:
 

 “ * * * The original answer was filed on 25th July, 1881. The cause was assigned for trial for Thursday, 27th October, 1881, and reassigned for November 3d, for November 10th, and for November 16th, 1881. On this last •day, plaintiff suggested the death of MrS. Emiline Gallagher, one of the plaintiffs, and a motion was made and allowed, that the natural tutor of her minor children be substituted as party plaintiff, and the case was. continued until the next term of court. On the 6th of December, 1881, the cause was assigned for trial on the 10th of that month, then reassigned for 21st December, but was not then tried. At the January term 1882, defendants filed an amended answer, in which they claimed, as possessors in good faith, reimbursement for improvements made, and prayed for a jury. * * * ”
 

 The case of Taylor v. Shreveport Yellow Cabs, Inc., La.App., 163 So. 737, 739, construed the two above cases as follows:
 

 “These two cases hold that if a case has been set for trial and continued without definite fixing of trial date, that a prayer .for jury trial filed while this status exists is timely; * * *"
 
 (Emphasis ours.)
 

 Counsel for respondents ingeniously argues that the rule announced in the above cited jurisprudence should be interpreted to mean that after a case has been set for trial a jury trial can only be granted when the case is
 
 indefinitely postponed.
 
 He contends :
 

 “On the other hand, continuing a case
 
 to be re-assigned in the near future,
 
 though it does not fix a definite date, produces a very different result than continuing it ‘indefinitely.’ In such case, the matter does not return to the ‘Limbo’ from which only a new Motion to set will, in due course, bring
 
 *179
 
 it forth, but is only temporarily held over in a preferential status to be specially fixed by the Judge on a convenient and, normally closer, date. In this instance, the re-setting was ordered less than a month after the continuance. Obviously, in such a situation, a prayer for jury trial will cause serious delay and should not be permitted.”
 

 We do not agree with counsel’s argument. Our interpretation of the law and prior jurisprudence is that if a case has been set for trial and continued without definite fixing of trial date, a prayer for jury trial filed while this status exists is timely.
 

 The case of Wheeless & Pratt v. Fisk, 28 La.Ann. 731, in which a case was continued by preference, is not' apposite. There we approved the following statement of the trial judge:
 

 “ *
 
 * * It is the settled rule of practice in this court that a continuance of a cause by preference means a continuance to a fixed day, viz.: to a day two weeks from the day from which it is continued. * * * It is also a settled practice of this court to refuse applications for jury after a case has been once fixed and continued by preference.”
 

 We further stated:
 

 “ * * * The case having been set down for trial, the application for trial by jury was too late. C.P. 495.”
 

 A reference to the petition for remedial writs herein filed discloses that after the trial judge rendered his order refusing relators a trial by jury, they filed a motion for a suspensive appeal, which was denied. In their application for writs, relators prayed that the trial judge be ordered to' show cause why the motion for a suspensive appeal from his order refusing them a trial by jury should not be granted
 

 When rendering its order of January 12, 1959, directing the trial judge to grant petitioners’ motion for a trial by jury or show cause why such motion should not be granted, this Court was of the opinion that, rather than delay this cause by considering whether petitioners were entitled to a suspensive appeal, the proper and expeditious method of disposing of this matter was to determine the issue of whether or not petitioners were entitled to have their causes tried before a jury.
 

 In the answer and opposition to the petition for writs and in a memorandum of authorities filed herein, counsel for respondents have raised the point that the request or prayer for a jury trial was properly'denied for the further reason that the character of the suits opposes their trial by a jury of laymen. We feel that this contention also deserves our deliberation.- Under our supervisory jurisdiction (Article VII, Section 10, Louisiana Constitution of 1921), we may consider the contention and render a decision thereon.
 

 
 *181
 
 Having carefully reviewed the records of the Civil District Court in these consolidated cases, we find that the primary object and purpose of Case No. 339,552 is to have declared null and set aside an act of sale dated December 22, 1954, by plaintiff to defendant, an act of community settlement between them dated December 21, 1954, and certain transfers of property and mortgages made by defendant to and in favor of his sister, Gertrude V. Todt. The petition contains allegations of fraud and lesion. In addition, plaintiff prays for an accounting and a partition.
 

 We also find that the primary object and purpose of Case No. 340,436 is to have declared null and set aside certain transfers of property and mortgages made by defendant to and in favor of his sister, Gertrude V. Todt. This petition likewise contains allegations of fraud. In addition, plaintiff prays for an accounting.
 
 [1]
 

 The allegations of fraud set forth in the petitions in both of the cases, supra, are serious. It is axiomatic that fraud vitiates all things, and the law furnishes a remedy against fraud, when exposed, whatever guise it may assume. Board of
 
 Com’rs
 
 of Orleans Levee Dist. v. Shushan, 197 La. 598, 2 So.2d 35. Our jurisprudence has been:
 

 “ * * * that the charge of fraud is a most serious one; that one who alleges fraud has the burden of establishing it by legal and convincing evidence since fraud is never presumed, and that to establish the fraud exceptionally strong proof must be adduced. * * * It has also been said that evidence showing that the fraud was probable or that the circumstances partook of a suspicious character is not sufficient, and that the fraud must be established by proof stronger than the mere preponderance of the evidence. * * * ” Sanders v. Sanders, 222 La. 233, 62 So.2d 284, 286.
 

 See, also, La Croix v. Recknagel, 230 La. 842, 89 So.2d 363. Realizing the grave condition of a litigant charged with fraud, our jurisprudence has held that if he so desires, he is entitled to a trial by jury. Questions of fraud are peculiarly within the province of the jury. Abat v. Segura, 6 Mart.,N.S., 237.
 

 “The prominent issue in this case is the question of fraud. It has been repeatedly decided by this court that it is peculiarly within the province of a jury to determine questions of fraud, and we think the judge erred in refus
 
 *183
 
 ing a jury trial.” Cormier v. Soye, 28 La.Ann. 543.
 

 The right to trial by jury in civil cases is unqualifiedly recognized in all cases except those specifically excluded, i. e. “all suits against makers and indorsers of promissory notes, drawers, indorsers and acceptors of bills of exchange, and generally all suits brought on unconditional obligations to pay a specific sum of money * * *,” and even in those the parties are entitled to a jury trial if “the defendant * * * make oath that his signature to said note, or other obligation, is not genuine, or that he expects to prove that the same had been obtained through fraud or error, or want or failure of consideration.” Article 494, Code of Practice.
 
 [2]
 
 In addition to the exclusions listed in that article, a jury trial is denied in matters which are under the exclusive jurisdiction of a court of probate, Article 1036,
 
 [3]
 
 cases that are to be tried in a summary manner, Articles 756 and 757,
 
 [4]
 
 and in certain statutory actions for which the legislature has specifically prescribed the mode of proceeding, as e. g. workmen’s compensation suits, expropriation suits, etc.
 

 In Palmer v. Palmer, Woolf & Gray, 183 La. 458, 164 So. 245, cited by respondents, we held that the liquidation of a partnership is a summary proceeding and should not be tried before a jury. In reaching that conclusion, we also held that the action of partition in succession matters is a summary proceeding, citing Article 1328 of the LSA-Civil Code.
 
 [5]
 
 We further held that the judge before whom the action of partition is brought, is bound to pronounce thereon
 
 *185
 
 in a summary manner, citing Article 98,
 
 [6]
 
 defining summary proceedings, and Articles 756 and 757 of the Code of Practice. Cf. Bickham v. Pitts, 185 La. 930, 171 So. 80.
 

 Although we held in the case of Lea v. Orleans Parish School Board, 228 La. 987, 84 So.2d 610, 613, (also relied upon by respondents) that the district judge of a court of competent jurisdiction was the sole arbiter to re-examine an action of the Orleans Parish School Board, this decision was based solely on the specific provisions of the statute, the Teachers Tenure Law, which “ * * * by its terms, the vesting in a court of competent jurisdiction the right to conduct a full hearing to review the action of the school board, with the corresponding right to affirm or reverse the action of said board, necessarily indicates the legislative intent that a district judge of a court of competent jurisdiction would be the sole arbiter in the re-examination of the action taken by the school board and to thereby either reverse or affirm said action.”
 

 We conclude that the question of the validity of the sale, settlement agreement, transfers and mortgages above referred to is one for a jury’s determination and should, therefore, be tried before a jury.
 

 If the jury finds all or any of the contracts or agreements involved in the suits to be null and void, then any further proceedings with regard to an accounting and a partition would be matters of which a judge should be the sole arbiter. The demands for an accounting and a partition are merely incidental to the main demand and will of necessity pass out of the picture in the event the jury should return a verdict adverse to plaintiff on the main demand.
 

 For the reasons assigned, the writs herein issued are made peremptory, and the case is remanded to the lower court for further proceedings according to law and consistent with the views herein expressed.
 

 SIMON, J., recused.
 

 [1]
 

 . Gertrude V. Todt is not a party to Case No.
 
 889,552,
 
 and Maurice L. Todt is not a party to Qase No. 340,436 (see chronology, supra); it appears doubtful whether these cases can be consolidated for trial before the same jury without the consent of the parties, and this situation should be examined by the trial judge.
 

 [2]
 

 .“The plaintiff who wishes for a jury must pray for the same, either in his original petition, or by a supplemental petition, which must be presented before the suit be set for trial; provided, that all suits against makers and indorsers of promissory notes, drawers, indorsers and acceptors of bills of exchange, and generally all suits brought on unconditional obligations to pay a specific sum of money, shall be tried without a jury, unless the defendant shall make oath that his signature to said note, or other obligation, is not genuine, or that he expects to prove that the same had been obtained through fraud or error, or want or failure of consideration, or in cases where the defendant in his answer may set up a plea of compensation or reconvention, and make oath to the truth of all the allegations in said plea or answer.”
 

 [3]
 

 . “All causes tried before a court of probate shall be decided without the intervention of a jury, even if the parties should wish for one.”
 

 [4]
 

 . “The cases which are to be decided in a summary manner shall not be set down on the ordinary docket of suits,'but are decided on days fixed for the purpose, and in a speedy manner, conformably to such special rules as each court may establish on the subject.” Art. 756. “These cases are decided without the-intervention of a jury, except in cases in which the right to hold or exercise a public office or franchise is involved.” Art. 757.
 

 [5]
 

 . “The judge, before whom the action of partition is brought, is bound to pronounce thereon in a summary manner, by which is always meant with the least possible delay and in preference to the' ordinary suits pending before him.”
 

 [6]
 

 . “They are summary when carried on with rapidity, and without the observance of the formalities required in ordinary cases, as when courts provide for the administration of vacant succession and the property of minors and absent heirs.”