HOOD, Judge.
This is a petitory action in which plaintiffs seek to be recognized as the owners of a 53 acre tract of land in Lafayette Parish. Plaintiffs allege that they acquired the property by inheritance from their mother, Adeline Duhon, who owned it at the time of her death. The suit was instituted against Isaac Broussard, who is now in possession of the property, and against Sunray DX Oil Company, the owner of an oil, gas and mineral lease affecting that tract of land.
The defendants, among other pleadings, filed exceptions of prescription of ten years based on the provisions of LSA-R.S. 9:5682-9:5684. After trial, the trial judge rendered judgment sustaining these exceptions and dismissing the suit. Plaintiffs have appealed.
The principal issue presented on this appeal involves an interpretation of the provisions of LSA-R.S. 9:5682-9:5684. Plaintiffs contend that the defendants, in order to invoke the prescription provided in these sections of the revised statutes, must show that defendant Broussard’s possession of the property has been in good faith. Defendants contend that it is not essential for invoking the prescription therein provided that the possession of Broussard be in good faith. Alternatively, they contend that his possession has been in good faith.
There is no dispute as to the facts insofar as they are relevant to the exceptions presented here. Adeline Duhon owned the tract of land here in dispute at the time of her death in 1920. Her succession was opened in 1937, and in that proceeding a petition was filed by some of the collateral relatives of the decedent, and the assignee of others, seeking to have the mother and the collateral relatives of the deceased recognized as her sole and only heirs at law. It was alleged in that petition that Adeline Duhon had never been married and that she had left no descendants. Pursuant to those proceedings, an ex parte judgment was rendered by the district court on April 24, 1937, recognizing the mother and collateral relatives of the decedent as her sole and only heirs and placing them in possession of the 53 acre tract of land which ' is in dispute here.
A few days after that judgment was rendered, one of the persons who had been recognized as an undivided owner of an interest in this property instituted a partition suit against the other undivided owners, and on May 11, 1937, judgment was rendered by the district court recognizing the persons named in the judgment of possession as being the owners of this property, and ordering that the property be partitioned by licitation. Pursuant to that judgment the property was sold at a Sheriffs sale to effect a partition, and at that sale it was adjudicated to Eloi Broussard. The Sheriff’s deed to Eloi Broussard was executed on July 24, 1937, and was duly recorded in the conveyance records of La *860 fayette Parish. Eloi Broussard was not an heir of Adeline Duhon, and he had no interest in the property prior to the Sheriffs sale.
EIdí Broussard died in 1940. His succession was opened and judgment was rendered on September 10, 1940, recognizing his surviving spouse and ten children as his sole heirs and sending them into possession of the property left by him, including the property which is involved in the instant suit. Isaac Broussard was one of these surviving children, and he was recognized as one of the undivided owners of this property. On February 12, 1941, a voluntary partition agreement was entered into between all of these undivided owners, and under the provisions of that agreement Isaac Broussard acquired the full ownership of this particular tract of land.
The subject property is farm land, and it was completely enclosed by fences at the time it was sold at Sheriffs sale to effect a partition in 1937. Eloi Broussard took possession of the property immediately after he acquired it in 1937, and he remained in possession of it from that time until his death in 1940. Isaac Broussard took possession of the property immediately after he acquired it in 1941, and he has been in continuous, uninterrupted, peaceable, public and unequivocal possession of it since that time.
The Sunray DX Oil Company is alleged to be the owner of an oil, gas and mineral lease executed by Isaac Broussard on March 26, 1965, and affecting this property. That company was made a party defendant because of the fact that it was the lessee of the property.
The instant suit was instituted on May 27, 1965, by seven plaintiffs who allege that they are the surviving children and sole heirs of Adeline Duhon, having been born of the union between the said Adeline Duhon and John Trahan. They allege that one of the petitioners, Cleovis Trahan, was born after the marriage of Adeline Duhon and John Trahan, and that the other plaintiffs were born prior to that marriage but were later acknowledged and legitimated. Plaintiffs contend that they, as the sole heirs of Adeline Duhon, are entitled to judgment decreeing them to be the owners of the subject property and as such entitled to the possession of it. All of the plaintiffs in this suit had reached the age of majority by the time Isaac Broussard acquired the property in 1941.
The exceptions of prescription which the defendants have filed herein are grounded on the provisions of Act 584 of 1960. The provisions of that statute have been incorporated into our revised statutes as LSA-R.S. 9:5682-9:5684. Section 5682 reads:
“An action by a person who is an heir or legatee of a deceased person, and who has not been recognized as such in the judgment of possession rendered in the succession of the deceased by a court of competent jurisdiction, to assert any right, title, or interest in any of the property formerly owned by the deceased against a third person who has acquired this property from or through a person recognized as an heir or legatee of the deceased in this judgment of possession, is prescribed in ten years if the third person, or his ancestors in title, singly or collectively, have been in continuous, uninterrupted, peaceable, public, and unequivocal possession of the property for such period after the registry of the judgment of possession in the conveyance records of the parish where the property is situated.
“As used herein, 'third person’ means a person other than one recognized as an heir or legatee of the deceased in the judgment of possession. Acts 1960, No. 584, § 1.”
Section 5683 provides that the prescription provided in the preceding section shall accrue against minors and interdicts. And Section 5684 provides that the two preceding sections shall apply retroactively.
*861 At the trial of these exceptions plaintiffs attempted to introduce evidence to show that the possession exercised by Eloi Broussard and Isaac Broussard since 1937 had not been in good faith. Defendants objected to the evidence so offered, and the trial court sustained that objection on the ground that it was immaterial whether the possession was in good faith insofar as the application of the prescription provided in LSA-R.S. 9:5682-9:5684 is concerned. Plaintiffs contend that the trial judge erred in arriving at that conclusion, and in refusing to permit them to introduce evidence tending to show that defendant Broussard and his predecessor in title possessed in bad faith.
Plaintiffs correctly point out that prior to 1960 an ex parte judgment placing heirs in possession was not considered as being an “act translative of title” sufficient to begin the running of the prescription of ten years acquirendi causa under LSA-C.C. art. 3478. Succession of Lampton, 35 La.Ann. 418; Boyet v. Perryman, 240 La. 339, 123 So.2d 79. They contend that Act 584 of 1960 was enacted solely to afford possessors under an ex parte judgment of possession the same right to obtain title by prescription of ten years, acquirendi causa, as is afforded possessors under deeds which on their face are translative of title. It is argued that the Legislature intended that the possession required by LSA-R.S. 9:5682 be the same type of possession which is required by LSA-C.C. art. 3478, and that since the last cited article of the Civil Code requires that the possession be in good faith, the same requirement should apply to the possession provided in LSA-R.S. 9:5682.
Plaintiff also argues that the prescription provided in LSA-R.S. 9:5682 must be classified as acquisitive, rather than liber-ative, prescription, that the only acquisitive prescription of ten years known to our law requires that the possession be in good faith, and that the Legislature did not intend by the enactment of the 1960 legislation to create a new type of prescription of ten years, acquirendi causa.
As pointed out by plaintiffs, we used some language in Succession of Rosinski, 158 So.2d 467 (La.App.3d Cir. 1963), which seems to support their position that the possession provided in LSA-R.S. 9:5682 must be in good faith. The statement made in the Rosinski case and on which plaintiffs rely, however, was intended merely to show the views of the author of an excellent article found in 35 TLR 567. We did not intend by that statement to express an opinion on a question which was not before the court. No issue was presented in the Rosinski case which required the application of LSA-R.S. 9:5682, and we do not regard the language used in that case as supporting the position taken by plaintiffs here.
The language used in LSA-R.S. 9 :5682 indicates to us that the Legislature intended that the prescription therein provided was to be liberative, rather than acquisitive. The statute provides that “An action * * * to assert any right, title, or interest in any of the property * * * is prescribed in ten years * * * ” Most of the articles of the Civil Code which define or relate to liberative prescription provide, as does the statute here in question, that “actions” are prescribed by the lapse of a designated period of time. Article 3459, for instance, provides that “The prescription by which debts are released, is a peremptory and perpetual bar to every species of action, real or personal, when the creditor has been silent for a certain time without urging his claim.” See also LSA-C.C. arts. 3534, 3536, 3538, 3540, 3542 and 3543. And, LSA-C.C. art. 3548 provides: "All actions for immovable property, or for an entire estate, as a succession, are prescribed by thirty years/’ All of these articles of the Civil Code, relating to lib-erative prescription, bar claimants from maintaining certain types of actions after the lapse of a period of time. And that is what the statute we are now considering does.
On the other hand, the language used in LSA-R.S. 9:5682 is not consistent with the *862 ■articles of the Civil Code which define and ■relate to prescription, acquirendi causa. Article 3458, for instance, provides that “The prescription by which the ownership •of property is acquired, is a right by which a mere possessor acquires the ownership of •a thing which he possesses by the continuance of his possession during the time fixed by law.” Article 3472 contains provi•sions relating to the time necessary to ■prescribe for the ownership of property. And other articles of the Code relating to ■acquisitive prescription contain provisions which are designed to establish “ownership” of the property. See LSA-C.C. arts. ■3473, 3476, 3478, 3479, 3499 and 3506. The ■statute which we are considering here cannot be used to establish ownership. It merely bars certain heirs or legatees from maintaining actions to assert rights to prop•erty formerly owned by the decedent after they have been silent for a period of time ■without urging their claims. See LSA-C.C. •art. 3459.
We think it is significant that LSA-R.S. ‘9:5682, although specifying the type of pos■session which is required for the application of the ten year prescription therein ■provided, does not require that the possession be in good faith. This is consistent with the provisions of Article 3530 of the 'Civil Code, relating to liberative prescription, which article provides:
"To enable the debtor to claim the benefit of this prescription, it is not -■necessary that he should produce any rtitle, or hold in good faith; the neglect •of the creditor operates the prescription in this case.”
We note also that in an article written by Professor William V. Redmann and appearing in the Tulane Law Review, entitled “The Louisiana Law of Recordation: Some Principles and Problems,” the author indicates that the prescription provided by LSA-R.S. 9 :5682 is liberative prescription. See 39 TLR 491, 506.
Our conclusion is that the prescription of ten years provided in LSA-R.S. 9:5682 must be classified as “liberative prescription,” and that it is immaterial whether the party who seeks to invoke the prescription therein provided possessed the property in good faith or in bad faith.
We find no error in the ruling of the trial judge which had the effect of excluding the evidence offered by plaintiffs tending to show that defendant Broussard or his ancestors in title had possessed in bad faith. The facts essential for the application of LSA-R.S. 9:5682 have been established, and we concur in the judgment of the trial court dismissing the suit.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.
TATE, J., dissents and assigns written reasons.