206 So.2d 82

Cleovis TRAHAN et al.

v.

Isaac BROUSSARD et al.

No: 48721.

Jan. 15, 1968.

---

Deshotels & Maraist, Frank L. Maraist, Kaplan, for plaintiffs-relators.

Domengeaux, Wright & Bienvenu, James Domengeaux, W. Paul Hawley, Bailey & Mouton, William H. Mouton, Lafayette, for defendants-appellees.

McCALEB, Justice.

This is a petitory action instituted by the children and the alleged sole lawful heirs of Adeline Duhon, seeking to be recognized as owners of a 53-acre tract of land situated in Lafayette Parish, which belonged to Adeline Duhon at the time of her death. They allege that Isaac Broussard is in possession of the property, and has failed and refused to deliver possession to plaintiffs. Also named as a defendant is the mineral lessee of Broussard, Sunray DX Oil Company.

To the proceeding, exceptions of prescription, no cause or right of action and vagueness were filed. One exception of prescription, styled "liberative" by defendants, was grounded on the ten-year prescription provided for by R.S. 9:5682, and the other exception of prescription, styled "acquisitive" was based on the ten-year prescription provided by Articles 3478 and 3479 of the Civil Code. The trial judge referred the exceptions to the merits, save the prescription of ten years under R.S. 9:5682 At the hearing on this exception, the judge refused to allow plaintiffs to introduce evi-

dence to show bad faith on the part of Isaac Broussard and his predecessors in title, and limited the proof to possession alone.

Finding this plea well founded, the court rendered judgment in favor of defendants and dismissed the suit. Plaintiffs appealed to the Court of Appeal, Third Circuit, where the judgment was affirmed. See Trahan v. Broussard, La., 196 So.2d 858. Certiorari was granted and the matter has been argued and submitted for our determination.

Adeline Duhon, the owner of the 53-acre tract in dispute, died in 1920. Her succession was opened in 1937 at the behest of some of her collateral relatives and the assignee of another relative, who sought to have the mother and the collateral relatives of the deceased recognized as her sole and only heirs. It was alleged (untruthfully) that decedent had never been married and left no descendants. Conformably with the allegations of the petition, an ex parte judgment was rendered on April 24, 1937 recognizing the mother and collateral relatives of the deceased as her sole and only heirs and placing them in possession of the property in dispute.

Shortly thereafter John Trahan (the aforementioned assignee), who was one of

the persons recognized in the ex parte judgment,[1] brought suit for a partition of the land, and the property was thereafter sold at sheriff's sale. On July 24, 1937 the sheriff's deed was executed and duly registered, adjudicating the property to Eloi Broussard, who went into possession of the land as owner and remained in open possession until his death. In 1940, his succession was opened, and judgment was rendered on September 10, 1940 recognizing his surviving spouse and ten children as his sole heirs. Thereafter on February 12, 1941, Isaac Broussard, one of the ten children and the defendant herein, became the sole owner of the property in dispute under a voluntary partition agreement between all of the Broussard heirs who had been placed in possession by ex parte judgment in their father's succession. Isaac Broussard has possessed the property openly and unequivocally as owner ever since.

The issue presented for our decision involves solely the proper interpretation to be given the provisions of Act 584 of 1960, which was incorporated into the Revised Statutes, Civil Code—Ancillaries, as R.S. 9:5682, 9:5683 and 9:5684. These sections provide:

Section 5682:

> Adeline Duhon and John Trahan. The other plaintiffs are alleged to be born prior to the marriage, but were subsequently duly acknowledged by their parents.

---

1. John Trahan is alleged to be the father of the seven plaintiffs who state that they are issue of a union between Adeline Duhon and John Trahan. One of the plaintiffs, Cleovis Trahan, is alleged to be the legitimate child of the marriage between

"An action by a person who is an heir or legatee of a deceased person, and who has not been recognized as such in the judgment of possession rendered in the succession of the deceased by a court of competent jurisdiction, to assert any right, title, or interest in any of the property formerly owned by the deceased against a third person who has acquired this property from or through a person recognized as an heir or legatee of the deceased in this judgment of possession, is prescribed in ten years if the third person, or his ancestors in title, singly or collectively, have been in continuous, uninterrupted, peaceable, public, and unequivocal possession of the property for such period after the registry of the judgment of possession in the conveyance records of the parish where the property is situated.

"As used herein, 'third person' means a person other than one recognized as an heir or legatee of the deceased in the judgment of possession."

Section 5683:

"The prescription provided herein shall accrue against a minor either as provided in R.S. 9:5682, or in twenty-two years from the date of his birth, whichever is longer and shall accrue against an interdict as provided in R.S. 9:5682; but once the prescription provided in R.S. 9:5682 has commenced to run against an adult, it is not interrupted by the minority of any of his heirs on his death."

Section 5684:

"R.S. 9:5682 and 9:5683 shall apply retroactively, but any person whose rights would otherwise be prescribed thereunder has a period of six months from July 27, 1960 to assert such rights judicially."

Defendants proclaim that, inasmuch as Eloi Broussard acquired the property in 1937 under the sheriff's sale and went into peaceable possession and was succeeded by defendant Isaac Broussard, who became owner under the partition agreement of February 12, 1941 and who has had possession ever since, the right of action of plaintiffs is barred under the clear language of the above quoted provisions.

Plaintiffs, on the other hand, maintain that the prescription provided by the statute is not liberative, but is in fact a ten-year acquisitive prescription governed by the provisions of Articles 3478 and 3479 of our Civil Code, and that the district judge committed error in refusing to admit proof to establish bad faith on the part of Eloi and Isaac Broussard, as good faith of the possessor is an essential element of this prescription.

The ruling of the Court of Appeal in favor of defendants was by a divided court. The majority, in sustaining the plea, was of the opinion that the prescription provided

for by the statute was liberative and, therefore, proof of good faith on the part of the possessor was not material. The dissenting judge expressed the view that the prescription provided by the statute was necessarily acquisitive in nature, because this Court has repeatedly held that the true owner of the property cannot be divested of title by a liberative prescription, and that his petitory action for possession of the property cannot be defeated unless the opposing party has possessed as owner for ten years in good faith, in accordance with the requirements of the Civil Code. In support of the legal principle enunciated, the dissenter cited Labarre v. Rateau, 210 La. 34, 26 So.2d 279; and Harang v. Golden Ranch Land & Drainage Co., 143 La. 982, 79 So. 768.

A careful consideration of all the provisions of Revised Statutes 9:5682, 9:5683 and 9:5684 has convinced us that both the majority and minority opinions of the Court of Appeal are partially incorrect. As we view it, the pronouncements of the law, which we have hereinabove quoted in full, are expressed in clear and unambiguous language. The statute simply bars a petitory action by an heir against a third person to claim ownership of property formerly belonging to a deceased person under certain specified conditions—i. e., when the third person has acquired the property from or through the person recognized in the judgment of possession by a court of competent jurisdiction as the heir or legatee of the deceased and then, only if such third person has been in peaceable possession of the property for a period of ten years after the registry of the judgment in the conveyance records of the parish. While the statute, in barring the action, may ostensibly appear to provide a liberative prescription which accrues at the end of a fixed period, it is not in essence a liberative prescription. For, according to Articles 3459, 3528 and 3529 of the Civil Code, the prescription, which operates as a discharge of debts or releases the owner of an estate from every species of real right, accrues merely by the lapse of time, that is, as stated by Article 3459, " * * * when the creditor has been silent for a certain time without urging his claim." Article 3528 discharges the debtor " * * * by the mere silence of the creditor during the time fixed by law, * * * ". And Article 3529, which applies to real rights such as servitudes, releases the owner of the estate from every species of real right, to which the property may have been subject, if the person in possession of the right " * * * has not exercised it during the time required by law."

The prescription provided by R.S. 9:5682 does not become operative by the mere silence or inaction of the third person during the period of ten years. On the contrary, the act requires that the third person meet certain specified conditions, all of which must be present in order for this prescrip-

tion to accrue. First, it must appear that the possessor is a person other than one recognized as heir or legatee of the deceased in the judgment of possession. Second, he must have acquired the property by or through a person recognized as an heir or legatee of the deceased in the judgment of possession[2] by a court of competent jurisdiction. Third, the person pleading prescription must show that he has been in continuous, uninterrupted and unequivocal, peaceable possession of the property for ten years after the registry of the judgment of possession in the conveyance records of the parish where the property is situated.

In fine, it is seen that the statute plainly establishes an acquisitive prescription of ten years where the possessor holds title from the person or persons recognized by the court as the heir or heirs of a decedent in succession proceedings, even though his vendor was not in fact an heir.

The conclusion we reach is in harmony with the jurisprudence of this Court (referred to in the minority opinion of the Court of Appeal) which has been established in connection with the applicability, or rather the inapplicability, of the liberative prescription of 30 years provided by Article 3548 of the Civil Code in cases involving title to immovables. These authorities, viz., Generes v. Bowie Lumber Company, 143 La. 811, 79 So. 413; Harang, et al. v. Golden Ranch Land & Drainage Co., supra; Thibodeaux v. Bonnabel Land Company, 171 La. 639, 131 So. 833; Buckley v. Catlett, 203 La. 54, 13 So.2d 384; Labarre v. Rateau, supra; and Lee v. Jones, 224 La. 231, 69 So.2d 26, holding that Article 3548 is merely an affirmance of Article 3499 of the Civil Code, by which the ownership of immovable property is acquired through thirty years adverse possession, are consonant with the public policy of the State that land titles shall remain stable so that property will always be transferrable in commerce. For, as stated in the Harang case (on rehearing), "To our mind it is utterly and plainly unjuridical to say that an owner may lose his title without some one else ipso facto eo instanti acquiring it. A title cannot remain up in the air. One party losing his title, and another party acquiring it, or one party acquiring the title and another party losing it, are the necessary converses of each other." See 143 La. 982, 79 So. 786.

2. This requirement of the statute has the effect of elevating an ex parte judgment of possession to the status of a title translative of the property when the party pleading the ten-year prescription acquires at judicial sale. Prior to the enactment of R.S. 9:5682, an ex parte judgment of possession was not regarded as a title translative of the property and could not serve as a basis for the codal prescription of ten years acquirendi causa. Succession of Lampton, 35 La.Ann. 418; Tyler v. Lewis, 143 La. 229, 78 So. 477; and Boyet v. Perryman, 240 La. 339, 123 So.2d 79.

It follows, therefore, that the prevailing opinion of the Court of Appeal is erroneous in its deduction that the special statute under consideration merely bars rightful heirs from asserting ownership to property, and that it does not vest the possessor with a prescriptive title to the land when all the conditions required of him are present. Indeed, while such conclusion renders the possessor immune from suit, it effectually takes the property out of commerce as the title remains "up in the air."

■ Nevertheless, although we regard the statute under consideration as primarily an act granting unassailable prescriptive titles in favor of third persons when all of the conditions specified thereunder are fulfilled, we cannot accede to the contention of plaintiffs, or to the view expressed in the minority opinion of the Court of Appeal, that good faith on the part of the third person is either material or essential to establish the prescriptive title therein provided.

The short answer to this contention is that the statute does not provide that the good faith of the defendant is an element of the prescription. This is a special statute dealing with property purchased from or through heirs placed in possession by judgment of a court of competent jurisdiction. As we have above stated, it elevates the title acquired at a succession sale or by deed from the heir recognized in the judgment

to the status of just title and, when the other conditions are met, a valid prescriptive title is granted. The Legislature has plenary power to enact such a statute and, indeed, the constitutionality of the statute is not questioned in this suit. Rather, the contention is that the Act should be interpreted to include an element of the codal acquisitive prescription which is not contained therein. But neither this Court nor any other court has the right to assume that the Legislature intended that good faith is an element of the prescriptive title provided therein. On the contrary, if the Legislature had contemplated good faith as a prerequisite, it is fair to conclude that it would have so stated. To hold otherwise would require the Court to amend the statute. This is not a judicial function. Albeit the statute provides a ten-year prescription, it is not governed by Articles 3478 and 3479 of the Civil Code, which treats of the ten-year acquisitive prescription and is applicable to all other cases, save those specified by the act under consideration.

For the reasons assigned the judgment of the Court of Appeal is affirmed.

SANDERS, Justice (concurring in part and dissenting in part).

I fully concur in the holding that LSA–R.S. 9:5682 relates to *acquisitive* prescription.

I disagree, however, with the further holding that possession in bad faith is suf-

ficient under the statute. Such a construction gives an *ex parte* judgment of possession[1] greater effect than judgments in adversary proceedings. Under LSA-C.C.P. Article 2004, judgments in adversary proceedings may be annulled for fraud within a year after the fraud is discovered. Obviously, the Legislature did not intend to accomplish such a bizarre result. Nor did it intend to sanction fraud. See Todt v. Todt, 237 La. 168, 110 So.2d 566; Board of Com'rs of Orleans Levee Dist. v. Shushan, 197 La. 598, 2 So.2d 35.

Laws *in pari materia,* or upon the same subject matter, must be construed with reference to each other. LSA-C.C. Art. 17. The possession language of LSA-R.S. 9:5682 appears to have been taken verbatim from Civil Code Article 3487, dealing with the good faith prescription of 10 years.[2] The provisions of LSA-R.S. 9:5683 relating to minors and interdicts appear to have been taken from Civil Code Article 3478, also dealing specifically with the good faith prescription. More generally, both the Civil Code Articles (Arts. 3478–3498) and the statute deal with the ten-year, or shorter, prescription. Hence, the statute should be construed with reference to the code articles.

Under civil law doctrine, good faith is a long-established criterion for determining whether the ownership of immovables is acquired by the longer or shorter prescription. In Louisiana, it is the hallmark of the ten-year prescription. The Civil Code Articles provide:

"Art. 3473. The ownership of immovables is acquired by a longer or shorter time, accordingly as the possessor has been in good or bad faith, as laid down in the following paragraph."

"Art. 3474. Immovables are prescribed for by ten years, when the possessor has been in good faith and held by a just title during that time."

"Art. 3475. Immovables are prescribed for by thirty years without any title on the part of the possessor, or whether he be in good faith or not."

When the statute is construed with the civil code articles, one must conclude that the possession referred to is *good faith* possession. Miller, Judgments of Possession, 35 Tul.L.Rev. 567, 576 (at N. 66); Pascal, Civil Code and Related Subject Matter, 21 La.L.Rev. 53, 64; Lupo, Prescription, 42 Tul.L.Rev. 219, 222–225.

As observed in the well-written case note in 42 Tul.L.Rev. 223, supra,

"[T]here is no evidence in the legislative history of that act or in the com-

1. Under LSA–C.C.P. Art. 3062, a judgment of possession is only prima facie evidence of heirship and right to possession.

2. "Continuous and uninterrupted, peaceable public and unequivocal * * *." LSA–C.C. Art. 3487.

mentaries thereon to indicate that the legislature intended to enable a third person, through fraudulent concealment from the court of the true heirs' identities, to enter into possession under a judgment of possession thus fraudulently obtained and, after ten years in such legal bad faith possession, to acquire ownership of the property in question."

The purpose of the statute, as I see it, is to make the judgment of possession an act translative of title for the running of the ten-year prescription by legislatively repudiating the prior jurisprudence. See Succession of Lampton, 35 La.Ann. 418 and Boyet v. Perryman, 240 La. 339, 123 So.2d 79. It clarifies the status of the judgment of possession. To give it the effect of changing essential features of the ten-year prescription or of shortening the bad faith prescription is to do violence to fundamental concepts of the Louisiana Civil Code.