SAVOY, Judge.
This is a petitory action filed by All-State Credit Plan Natchitoches, Inc. whereby plaintiff seeks to be declared the sole owner of a 40-acre tract of land located in Natchi-toches Parish, which tract was purchased by it at a sheriff’s sale on October 7, 1970, in the 10th Judicial District Court in Natchi-toches Parish, Louisiana, in a foreclosure suit filed by plaintiff against Man Lee Odums and his wife, Lizzie Odums. Named as defendants are Estelle Ratliff, Jennie Lee Johnson, Blanchie Lee McCoy, and Leamon James Wallace; all four being grandchildren of Robert Wallace and Shallot Wallace. All of the parties to this suit trace their claims to the subject property back to the community of acquets and gains that existed between Robert Wallace and Shallot Wallace.
A stipulation of facts entered into between counsel for the two sides reveals that:
“Robert Wallace and Shallot Wallace had two children: Lizzie Wallace and James Wallace. Lizzie Wallace is yet living, and she is the wife of Man Lee Odums. James Wallace died before either of his parents, and at his death he was survived by his widow, Rozelia White Wallace, and by five children issue of his marriage to Rozelia Wallace, namely, Estelle Wallace (now Ratliff) ; Bessie Wallace (now English) ; Lea-mon James Wallace; Jennie Lee Wallace (now Johnson); and Blanchie Lee Wallace (now McCoy).
“Additionally, Shallot Wallace had been married to Willis Hall prior to her marriage to Robert Wallace, and of this former marriage Shallot was survived by two children and one grandchild who represented his predeceased parent in Shallot’s succession. The two children of the former marriage are Willis Hall, Jr., and Nellie B. Little, and the grandchild who represented his predeceased parent is Samuel E. Bess.
“Robert Wallace died on October 11, 1952, and his succession was opened under Number 6303 Probate Docket of the Tenth Judicial District Court, which court was competent to render judgment in the succession proceedings. * * * Reference to the succession record reveals that Lizzie *703 Wallace Odums was incorrectly stated to be the sole heir of Robert Wallace, and on the 12th day of January, 1954, this court rendered judgment recognizing Shallot Wallace as owner of an undivided one-half interest in the subject property, and further recognizing Lizzie Wallace as owner of the other undivided one-half interest in the subject property.
“Shallot Wallace died on August 8, 1962, and her succession was opened under Number 7659 Probate Docket of the Tenth Judicial District Court, which court was competent to render judgment in the succession proceedings. * * * Again, reference to the succession record reveals that Lizzie Wallace Odums was-incorrectly stated to be the sole heir. On the 14th day of May, 1968, this court rendered judgment recognizing Lizzie Wallace Odums as owner of Shallot Wallace’s undivided one-half interest in the subject property.
“After the death of Shallot Wallace, Lizzie Wallace Odums acquired deeds from Willis Hall, Jr., Nellie B. Little, Samuel E. Bess and Bessie Wallace English, conveying to the former all of the latter individuals’ right, title and interest in and to the subject property. * * * It is agreed that whatever interest Willis Hall, Jr., Nellie B. Little, Samuel E. Bess and Bessie Wallace English owned in and to the subject property passed to Lizzie Wallace Odums and through her to the petitioner.
“On the 3rd day of September, 1968, Lizzie Wallace Odums and her husband, Man Lee Odums, subscribed a note in the amount of $8,160.00, secured by a mortgage on the subject property. In due course, this mortgage note came to be held by the petitioner.
“On a date in the first half of 1969, the exact date being unknown to petitioner or to defendants, Man Lee Odums and Lizzie Wallace Odums filed a voluntary petition in bankruptcy in the United States District Court for the Western District of Louisiana. The subject property was listed as an asset of the bankrupts in these proceedings. Petitioner paid foreclosure fees to the bankruptcy court, and the property was advertised for adjudication to petitioner. On the 29th day of June, 1970, shortly before the advertised adjudication date, three of the defendants, Estelle Ratliff, Jennie Lee Johnson, and Blanchie Lee McCoy, obtained a temporary restraining order from the United States District Court for the Western District of Louisiana prohibiting the trustee in bankruptcy from adjudicating the subject property to petitioner. * * * Subsequently, the bankruptcy court disclaimed any interest in the subject property to permit the petitioner to proceed with its claim in the state court.”
Thereafter, the foreclosure suit mentioned above was initiated, and after the sheriff’s deed was issued to plaintiff, this suit was subsequently filed to determine the ownership of the property.
The trial court held that plaintiff was the owner of an undivided 2%gth interest in the 40-acre tract, and that the four defendants were the owners of an undivided %5th interest. From this decision, defendants appealed devolutively, contending that the trial court erred in the interpretation of LSA-R.S. 9:5682 by allowing plaintiff to “tack on” the ownership and possession of the property by Lizzie Wallace Odum which was over ten years, and thus defeat the claim of the defendants.
LSA-R.S. 9:5682 provides as follows:
“An action by a person who is an heir or legatee of a deceased person, and who has not been recognized as such in the judgment of possession rendered in the succession of the deceased by a court of competent jurisdiction, to assert any right, title, or interest in any of the property formerly owned by the deceased against a third person who has acquired this property from or through a person recognized as an heir or legatee of the deceased in this judgment of possession, is prescribed in ten years if the third person, or his ancestors in title, singly or collectively, have been in continuous, un *704 interrupted, peaceable, public, and un-quivocal possession of the property for such period after the registry of the judgment of possession in the conveyance records of the parish where the property is situated.
“As used herein, ‘third person’ means a person'other than one recognized as an heir or legatee of the deceased in the judgment of possession.”
Counsel for both parties further stipulated that Lizzie Wallace Odum enjoyed the possession of the subject property for the requisite ten years and in the manner and character required by LSA-R.S. 9:5682 if otherwise applicable. They further stipulated that if LSA-R.S. 9:5682 is applicable, then plaintiff is entitled to a 2%r>th interest in the property and defendants a %sth interest; and that if LSA-R.S. 9:5682 is not applicable, then plaintiff is entitled to a ls/25th interest and defendants a %sth interest in the property.
Our Supreme Court discussed LSA-R.S. 9:5682 in the case of Trahan v. Broussard, 251 La. 714, 206 So.2d 82 (1968), saying:
“The statute simply bars a petitory action by an heir against a third person to claim ownership of property formerly belonging to a deceased person under certain specified conditions — i. e., when the third person has acquired the property from or through the person recognized in the judgment of possession by a court of competent jurisdiction as the heir or legatee of the deceased and then, only if such third person has been in peaceable possession of the property for a period of ten years after the registry of the judgment in the conveyance records of the parish.”
We feel that the wording in the Trahan case, supra, and also the express wording of the statute itself, is unambiguous and must lead to the conclusion that the ancestors in title of the third person cannot be heirs or legatees of the deceased as recognized in the judgment of possession. The second paragraph of LSA-R.S. 9:5682 emphasizes that a third person is a person other than one recognized as an heir or legatee of the deceased in the judgment of possession.
For the reasons assigned, the judgment of the district court is reversed, and judgment is hereby rendered decreeing plaintiff to be the owner of an undivided 1%sth interest, and the defendants, Estelle Ratliff, Jennie Lee Johnson, Blanchie Lee McCoy, and Leamon James Wallace, jointly, are decreed to be the owners of an undivided %sth interest in the following described property, to-wit:
The Northwest Quarter (NW(4) of the Southeast Quarter (SE;4) of Section 4, Township 9 North, Range 9 West, Natch-itoches Parish, Louisiana, containing 40 acres, more or less, together with all improvements situated thereon.
Costs in the district court and on appeal are to be paid by plaintiff.
Reversed and rendered.