## THOMAS MASKELL *v.* FREEBORN SISSON.

Where the terms of an arbitration bond are ambiguous, and the arbitrators who gave the award were not sworn, the penalty for the forfeiture of the bond cannot be recovered. C. C. 3078.

Where an attorney has collected money for his client, which is kept in his hands, prescription does not run against that portion of his fee which is covered by the amount in his hands.

APPEAL from the District Court of St. Mary, *Voorhies*, J.

The district judge, upon the subject of the arbitration bond, decided as follows: "Before considering the evidence on the account sued on, it is necessary to dispose of the question relative to the alleged forfeiture of the arbitration bond. This instrument is not free from ambiguity. It was evidently the intention of the parties to submit the correctness of the charges, amounting to seven hundred and six dollars and ninety-six cents, to arbitrators. Were it

MASKELL
v.
SISSON.

limited to this, it would be clear; but the expression which follows, 'If the charges as allowed in the account are reduced, &c.,' would seem to imply that their intention was to submit the whole matter. Be this as it may, it is clear that neither the parties, nor the persons named as arbitrators, concurred in opinion as to the construction of the instrument. Under such circumstances, it is clear the defendant cannot be held responsible. Besides, there is another ground equally fatal to the plaintiff's right of recovery. The oath required by law was not taken by the arbitrators; this was essential, to give them the legal capacity to act. C. C. 3078.

*Thomas Maskell*, in *propria persona*. *W. C. Dwight*, for defendant.

The judgment of the court was pronounced by

PRESTON, J. The plaintiff sues for the balance of an account for fees and costs paid by him for defendant, including a fee of five hundred dollars claimed by him as due by the defendant to the heirs of *James Plaisted*, an attorney, and by them transferred to him. He also claims five hundred dollars, the penalty for an alleged violation of an agreement to arbitrate their accounts. For the reasons given by the district judge, we think the claim for the penalty of the arbitration agreement cannot be allowed. The claim for *Plaisted's* fee would undoubtedly have been prescribed, as plead and decided by the district judge; but as *Plaisted* always had the means in his hands to pay himself, as a part of those means are now in the plaintiff's hands, we do not think the defendant entitled to recover them; and are of opinion, that the judgment in his favor, on his demand in reconvention, is erroneous.

It is therefore reversed; and it is decreed, that there be judgment for defendant against plaintiff's demand, and that they pay the costs of this appeal; the plaintiff to pay the costs of the district court.