## ALLEN v. THIBODEAUX et al.
### No. 2198.

Court of Appeal of Louisiana. First Circuit.
March 4, 1941.

Blanche, Hebert & Wilson, of Baton Rouge, for appellant.

Fred G. Benton, of Baton Rouge, for appellees.

OTT, Judge.

The two minors, Archie and Elvin Young, sustained personal injuries in an automobile accident on June 13, 1938, in the City of Baton Rouge. They had no qualified tutor or tutrix until their maternal grandmother, Ida Taylor Allen, qualified as such. She filed this suit on behalf of said minors on June 28, 1939, more than a year after the alleged injuries were received.

The defendants filed a plea of one year prescription, the prescription period fixed by Article 3536 of the Civil Code for bringing an action in tort. This plea was sustained and the suit dismissed. Plaintiff has appealed.

Counsel for plaintiff contend that this prescription does not run against minors so long as they have no qualified tutor to bring an action for them. They state in their brief (although it is not shown in the record) that the tutrix of the two minors was not qualified until a few days before the suit was filed, and therefore prescription had not run when the suit was filed.

Article 3521 of the Civil Code provides that prescription runs against all persons, unless they are included in some exception established by law. And Articles 3522 and 3554 provide that prescription does not run against minors and interdicted persons, except in those cases specified by law.

Turning now to Article 3541 of the Civil Code, as amended by Act No. 17 of 1922, we find that the one year prescription (including actions for torts) provided for in Article 3536, as well as the three and five-year prescriptions provided for in Articles 3538 and 3540, runs against minors, reserving to them recourse against their tutors.

Learned counsel for plaintiff refer to Section 16 of Act No. 20 of 1914, as amended by Act No. 38 of 1918, which section provides that prescription shall not run against the rights and claims of a minor under the Compensation Law, so long as he is without a tutor to assert the right for him. Reasoning by analogy, counsel would have us conclude that prescription did not run against the minors in this case until they were provided with a tutor to represent them.

However, we can see no relation in this special provision in the Compensation Law to protect minors under that law from the running of prescription against their claims thereunder and the general and specific provisions of Article 3541 of the Code providing that prescription on claims arising from offenses and quasi offenses shall run against minors as well as other persons. Moreover, Section 16 of Act No. 20 of 1914, as amended by Act No. 38 of 1918, was on the statute books when Article 3541 of the Code was amended by Act No. 17 of 1922, and if it had been the intention of the Legislature to prohibit the running of prescription against a minor on the claims mentioned in the amending act so long as the minor has no tutor, as was then the case under the Compensation Law, it is reasonable to assume that the Legislature would have made a similar provision in the act amending this article of the Code. As the law makes no exceptions in favor of minors against the running of prescription on their claims for torts until they are provided with a tutor, we have no authority to calculate the prescription period on such claims from the date when a tutor was qualified for the minors. The plea of prescription was properly sustained.

For the reasons assigned, the judgment is affirmed.