PONDER, Justice.
The defendant is appealing from a judgment of the district court ordering him to specifically perform his agreement to purchase property located in the City of New Orleans known as Le Breton Market consisting of real estate and improvements.
An ordinance was enacted by the Commission Council of the City of New Orleans on March 18, 1949 directing and authorizing the Commissioner of Public Property to advertise and sell the property known as Le Breton Market. The property was duly advertised and adjudicated to the defendant for the price of $35,000.00. The defendant refused to comply with the agreement because the city had no record title to the property. In this suit the city is seeking to compel the defendant to accept a prescriptive title based on the city’s actual possession of the property as owner for a period of more than thirty years.
We have examined the record and find a copy of a deed showing that the city acquired the buildings on this property from one Mills Judson in 1852; a survey made in 1876 of this and of adjoining property shows that the property was recognized as public property; the property was leased by the city to a private individual in 1893; in the year 1907 the city engineer was authorized to pave the vacant lot in the rear of the building; the property has been exempted from taxes as the property of the city; and certain tenants have testified that as far back as 1890 that rent for the use of the property has been paid to the city.
There is no evidence to show who were the prior owners of the property except as to the building thereon. There is no evidence to show that the property was ever owned or severed from either the state or federal government.
No possession however protracted can confer on an occupant title to any property that stands in the name of the State or United States. State v. Aucoin, 206 La. 787, 20 So.2d 136. Prescription does not apply to minors and interdicts. Articles 3522, 3554 and 3541, R.C.C. Tyler v. Lewis, 143 La. 229, 78 So. 477. It would be impossible to know whethér or not there may be minors and interdicts involved in the absence of any evidence of a prior record ownership of the property. More *421 over, if there exists a conflicting chain of title and other parties who are not made party to the suit any decision rendered would not be binding on them. Praegner v. Kinnebrew & Ratcliff, 156 La. 132, 100 So. 247; Lear et al. v. Great National Development Company, Inc., 215 La. 749, 41 So.2d 668.
The defendant cannot be forced to accept property that is suggestive of litigation. Lear v. Great National Development Company, Inc., supra, Johnson v. Johnson, 213 La. 1092, 36 So.2d 396; Schaub v. O’Quin, 214 La. 424, 38 So.2d 63 and the cases therein cited.
The case relied on by the plaintiff, Westerfield v. Cohen, 130 La. 533, 58 So. 175 is not applicable because the prior owner was known and named in that suit.
In view of the fact that we cannot determine from the record, as made up, whether or not the city has a good title to the property, the case should be remanded in order that the parties may have an opportunity to offer additional evidence in this case.
For the reasons assigned, the judgment of the lower court is reversed and set aside. The case is remanded to the lower court in order that the parties may offer additional evidence consistent with the views herein contained. All costs to await the final determination of the cause.