de la HOUSSAYE, Judge.
This is an appeal from a judgment decreeing a partition by licitation concerning a tract of land owned in indivisión by plaintiff and defendant, along with numerous other owners.
The tract involved is approximately thirty (30) acres in size and ownership is divided among twenty-five (25) or more persons. Some of these interests are as small as Vi os or .95 percent. Defendant-appellant’s interest in the property derives from an acquisition made by her mother by cash sale dated February 6, 1901. By Act of Cash Sale, defendant’s mother, along with four other individuals, acquired in equal proportions a one-fifth (i/$) interest in the property in question. The other four (4) parties to the sale in 1901 were the brothers and sisters of defendant’s mother. All of the original five (5) parties to this sale are deceased. Defendant-appellant’s mother’s portion has not been sold to anyone nor has any portion of it been divided, but various interests have been alienated by descendents of the other four (4) parties to the sale in 1901.
It is Dotsy Price Williams’ contention that she has physically possessed approximately six (6) acres of this tract for over thirty (30) years, and that any action for partition brought by her co-heirs has prescribed. Counsel for Dotsy Price Williams cites the case of Sibley v. Pierson, 125 La. 478, 51 So. 502 (1910), and Articles 1305 and 1306 of the La.Revised Civil Code. The Trial Court did not rule on the merits as to whether Dotsy Price Williams had actually possessed her six (6) acre tract of land, but stated that the Sibley case was inapposite since it involved co-heirs, whereas the instant case involved a partition suit brought by a co-owner in division.
Notwithstanding the fact that defendant relied entirely upon Sibley v. Pierson, above, and C.G. Arts. 1305 and 1306, the trial judge should have considered a claim of thirty year prescription on the merits.
C.C. Art. 1289 confers the right to demand a partition absent any agreement to the contrary. It has nothing to do with prescription.
Our appreciation of the law is that thirty year prescription based on C.C. Art. 3499 et seq. can be invoked even as between co-owners. It is then a question of proof, i. e., whether the necessary requirements of open and adverse possession, even in bad faith, are satisfied.
In Tyler v. Lewis, 143 La. 229, 78 So. 477, 481 (1918), our Supreme Court specifically stated that C.C. Art. 3499 “applies to co-owners.” For a detailed discussion on this point see the dissent of Justice O’Neill, in Liles v. Pitts, 145 La. 650, 82 So. 735, 742 (1919); Le Blanc v. Robertson, 41 La.Ann. 1023, 6 So. 720 and, Ogden v. Leland University, 49 La.Ann. 190, 21 So. 685 (1896).
We now turn to defendant’s claim of thirty year prescription. Since she is a co-owner of property which has never been partitioned in kind, her claim to the “6 acres” of a thirty acre tract is also gov *376 erned by C.C. Art. 3503 which restricts the property sought “within just limits”.
We find the defendant’s proof of possession inadequate. Admittedly, she lived in the house previously occupied by her mother for a period in excess of thirty years. But other than general statements of farming “about six acres” or considering “six acres” as her own, the testimony is very vague as to its limits.
The survey entered in the record marks only lands pointed out to the surveyor by the defendant. There are no fences, enclosures, or other vestiges of work. The fields allegedly farmed by defendant are bounded by uncleared woodlands and “brushes”. Defendant never indicated to her co-owners or to anyone else that she considered the land “occupied” by her as her exclusive domain.
It is also evident from the record that defendant’s co-owners, years ago, lived on and farmed portions of the thirty acres at random. The occasion never arose, until this litigation, that any part of the property was claimed by one co-owner to the exclusion of another co-owner.
Accordingly, for the above reasons, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.
ELLIS, J., concurs with written reasons.