316 So.2d 513 (1975)
Willie L. COSEY, Individually and For and on Behalf of his minor children, Jimmy and Barbara Cosey
v.
Hazel ALLEN et al.
No. 10287.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
*514 Arthur J. Boudreaux, III, Baton Rouge, for appellant.
Darrell D. White, Baton Rouge, for defendant and third party plaintiff-appellee.
Ben E. Atkins, Baton Rouge, for third party defendant-appellee.
Before LANDRY, BLANCHE and YELVERTON, JJ.
YELVERTON, Judge.
This is an appeal from a judgment in favor of Willie L. Cosey against Hazel Allen and Simpson Lawson for damages resulting from a fire which occurred on March 21, 1973, in the early morning hours after 3:00 o'clock A.M. at the premises located at 8324 Rail Street in the Parish of East Baton Rouge. As a result of the fire three children, Denise Cosey, two, Robert Lewis Cosey, three, and Carolyn Cosey, 11, lost their lives. Two other children, Barbara Cosey, also known as Barbara Maxwell, nine, and Jimmy Cosey, 10, survived.
These five children lived with their mother in the upstairs apartment of a wood frame structure located at the above address. The upstairs portion of the structure was made up of several small rooms originally intended to be rented to working men. On the ground floor was a cafe and a beer parlor, The Dream Inn. The premises were owned by Hazel Allen and were under lease by her to Simpson Lawson on the date of the fire. Simpson Lawson was Barbara Cosey's uncle. Sometime prior to the fire, he had let Barbara Cosey and her five small children move into some space upstairs, as an act of mercy, when they had been evicted from their previous quarters. Mrs. Cosey was not on welfare at that time. Later, when she went on the welfare rolls, Simpson Lawson began charging rent and she was paying rent at the time of the fire.
When the fire began the five small children were asleep in one room. They were unattended. Their mother, according to her testimony, was washing clothes, using the facilities of the apartment of a male friend. Another upstairs occupant, Monroe Johnson, who was habituated to alcohol and cigarettes, was also killed, and it is suspected that the cause of the fire was one of his cigarettes which ignited an overstuffed chair and that the ensuing fire spread to the rest of the house.
The plaintiff herein, after of the children, was in the State of Illinois when the children died. He and the children's mother had been separated for many years.
The fire was discovered by an occupant of a downstairs apartment next to the cafe. Her screams helped awaken the children. Barbara and Jimmy, the nine and 10 year old children, escaped by leaping to safety from a second story window directly onto the ground below. The reason why the children had to leave the apartment by a window and not by the staircase was because the only staircase serving the upstairs, located in the rear of the apartment, was engulfed in flames. It was right next to the room occupied by Monroe Johnson, *515 and it was one of the first parts of the building to catch fire.
The two youngest children, Denise and Robert Lewis, ages two and three, were trapped and died from smoke inhalation. Carolyn, 11, might have jumped to safety because she appeared at the window but could not be coaxed to jump because of her fear of heights, and she perished with the others.
Willie and Barbara Cosey had been separated for about eight years. He was in California much of this time. By his own sworn testimony, he was the natural (as well as the legal) father of only two children, the eldest, Carolyn, who was one of those who died in the fire, and Jimmy, one of the survivors. We have his word for it that he was not the natural father of the two small children who died.
In his petition for damages, he alleged that as father of the children, he was entitled to Louisiana Civil Code Art. 2315 damages for his own loss. He also alleged, in his capacity as the administrator of the estates of the two surviving children, that they were entitled to damages for their injuries and pain and suffering. The trial judge found that the owner of the premises, Hazel Allen, and the Cosey lessor, Simpson Lawson, were each liable and he awarded judgment in favor of the plaintiff and against the defendants in the total amount of $500. From the trial court's written reasons, it is apparent that this award was based solely upon the loss suffered by Willie Cosey as the result of the death of the eldest child, Carolyn Faye. There was no award given to him on the basis of the deaths of the two infants, nor was there any award granted to him in his capacity as administrator of the estates of Denise and Jimmy for their use and benefit. All parties appealed except Simpson Lawson.
We affirm the trial court's finding of liability against the defendants and its assessment of $500 damages for Willie Cosey, personally. We amend the judgment of the trial court to add damages in the amounts of $1,000 each for Jimmy and Barbara Cosey, which will be awarded to Willie Cosey, in his representative capacity as administrator of their estates.
There are several issues which have been raised by the appeals.
The first is the issue of liability of the two defendants. The trial court founded liability of these defendants on their failure to provide two entrance and exit ways from this second story apartment as required by LSA-R.S. 40:1580.[1]
The trial court concluded that the violation of this statute which is found in Chapter 7 dealing with "Fire Prevention or Protection", of Title 40 of the Revised Statutes, was a proximate cause of the deaths of the children. We are in accord with this conclusion. The fire was mainly confined to the staircase and the immediate area of the staircase. Had there been another staircase as required by statute in a remote location from the blocked staircase, obviously the three children could have been saved. As it happened, there was no way for them to get out or for rescuers to reach them. As did the trial court, we distinguish the case of Flores v. Fatsis, 231 *516 So.2d 584 (La.App. 4 Cir. 1970) which refused to disturb a jury's finding of assumption of risk in the case of an adult tenant of premises which had no secondary means of egress in accordance with the statutory requirements. Obviously, these children of tender years cannot be charged with assumption of risk in this case, nor can Willie Cosey be so charged, considering that he was totally unaware of the circumstances in which the children lived.
The trial court properly found that the defendants were liable on these facts.
The next issue is the predictable one of plaintiff's status, legally and morally, to bring this suit for damages. The trial court understandably struggled with the problem. Since Willie Cosey and Barbara Cosey had never been judicially separated or divorced, and the only child born out of wedlock (the oldest, Carolyn Faye) was legitimated by their subsequent marraige, he is the proper party plaintiff. Civil Code Article 184[2] creates a presumption of paternity where children are born during the marriage. The presumption created by this article is recognized by the jurisprudence as perhaps the strongest presumption known to the law. Feazel v. Feazel, 222 La. 113, 62 So.2d 119 (1952); Lewis v. Powell, 178 So.2d 769 (La.App. 2 Cir. 1965); Lambert v. Lambert, 164 So.2d 661 (La.App. 3 Cir. 1964); Burell v. Burell, 154 So.2d 103 (La.App. 1 Cir. 1963). On the facts of this case the presumption stands, and regardless of the natural blood relationship between Willie Cosey and these children. the law pronounces them his children. He alone possess the authority to sue to enforce the rights of the surviving children.[3] He also has the clear right to recover his own damages caused by the wrongful deaths of his children.
While Cosey never behaved during his eight years of absence from his family as a normally caring father would have behaved. During his eight years of voluntarily exile, he saw his family and his wife only accidentally. Some of the children he did not even know and would not have recognized had he seen them alive. He admitted this. He never contributed financially to their support, except on one occasion when in a condition of drunken magnanimity he gave them a $20 bill. It is offensive to reason, human dignity and the memories of these little children that their father who callously ignored them during their lives should now reap benefits from their deaths. This is true enough with respect to the eldest child, Cosey's blood kin. When it comes to the two and three year olds whom plaintiff admitted he did not father and did not even know, and yet for whose deaths he crassly demands recovery, the offensiveness of such a demand is staggering indeed. It obviously assaulted the sensitivity of the trial court, which expressed its attitude this way:
"As far as I am concerned, Willie Cosey disavowed those children under oath from this stand, and I think that is sufficient under the law to deprive him of any cause of action for their death or for their injury."
We agree with the result the trial court reached in limiting damages of $500 for Willie Cosey for his own loss. We agree that his disavowal of the two small children, together with the proof that he never knew them, was not the father of them and did not love them, negate completely *517 any basis on which to hold that he was damaged. While the law compels the conclusion that Willie Cosey is the legal father of these children, it does not compel the conclusion that he was damaged by their deaths. This is a matter which depends not upon a codal presumption but upon the facts, and the facts require us to hold that he was not damaged at all, not even nominally. Therefore, we agree with the trial court's conclusion that $500 will adequately compensate him for his personal loss as a result of the deaths of these three children, since the only actual loss suffered was the death of Carolyn Faye, and he did not know her too well.
The final issue has to do with the claims presented on behalf of the two surviving children. Barbara, nine, and Jimmy, 10, survived the fire. Responding to the help of people standing on the ground below their window, they leaped to safety from the second floor. They had been surrounded by smoke for a while before they made their escape. They were taken to the Earl K. Long Memorial Hospital in Baton Rouge and after examination they were released. There is no evidence that they suffered any permanent injuries. However, they were injured; they deserve some award; they were physically affected by the inhalation and the heat of the fire. While their damages may not have been physically enduring or permanent, they were at least temporarily uncomfortable. It is also expectable that they will suffer some degree of emotional distress from the experience. Considering the evidence of the defendant's impecuniousness, we think that an award of $1,000 each to these two little children will do justice in the case. The judgment of the trial court is amended to grant awards on behalf of Barbara and Jimmy in favor of Willie Cosey as the administrator of their estates and, as amended, it is affirmed at defendants' costs.
Amended, and as amended, affirmed.
NOTES
[1] R.S. 40:1580: "A. Every structure, watercraft or movable shall have at least two exits, each remote from the other and accessible to all occupants of each floor level.

* * * * * *
"B. No owner or occupant of any structure, watercraft at mooring, or movable, shall use any such structure, watercraft or movable unless each floor thereof is protected in case of fire or panic by not less than two adequate means of ingress or egress, properly marked and illuminated and remote from each other, together with adequate passageways with directional signs, each properly illuminated, to all such entrances and exits . . . "
[2] LSA-C.C. art. 184: "The law considers the husband of the mother as the father of all children conceived during the marriage."
[3] LSA-C.C.P. 683 in part: "The father, as administrator of the estate of his minor child, is the proper plaintiff to sue to enforce a right of an unemancipated minor who is the legitimate issue of living parents who are not divorced or judicially separated."