FORET, Judge.
Dean Gordon (Plaintiff) appeals from a judgment of the trial court sustaining an exception of prescription filed by defendants, Alexandria Coca-Cola Bottling Company, Ltd. and the Coca-Cola Company. We affirm.
FACTS
Plaintiff brings this action based on products liability and redhibition, individually, and on behalf of his minor daughter, Lisa C. Gordon (Lisa), to recover damages for personal injuries allegedly suffered by her when a 32-oz. glass bottle of Coca-Cola exploded. The parties submitted the following written statements of fact:
“(a) Deane Gordon and Ann Gordon are married and presently living together as man and wife;
(b)Lisa C. Gordon, a minor child, is the legitimate child of Deane and Ann Gordon, with whom she resides;
(c) No tutorship proceeding has ever been brought on behalf of the child and no tutor has ever been appointed for her judicially;
(d) The date upon which the accident in question occurred was September 11, 1976; and
(e) The Coca-Cola Company did not manufacture, distribute, or sell the bottle which allegedly exploded.”
Plaintiff instituted these actions on March 27, 1981, approximately 4x/2 years after the accident occurred. Defendants filed an exception of prescription alleging that both plaintiff’s tort claim and his claim in redhibition were barred by the liberative prescription of one year. The trial court sustained the exception dismissing plaintiff’s actions and granted him this devolu-tive appeal.
PEREMPTORY EXCEPTION OF PRESCRIPTION
Plaintiff contends that the liberative prescription of one year is no bar to the bringing of a tort suit on behalf of a minor when no tutor has been appointed to represent the minor in any proceeding. Plaintiff cites LSA-C.C. Article 3554 in support of his contention.[1]
LSA-C.C. Article 3554 provides:
“Art. 3554. Suspension of liberative prescription as to minors and interdicts; exceptions
Art. 3554. Prescription does not run against minors and persons under interdiction, except in the cases specified by law.”
LSA-C.C. Article 3541 provides:
“Art. 3541. Running of certain prescriptions against minors, interdicts and absentees [1]
Art. 3541. The prescriptions mentioned in the preceding Article, those pro *1009 vided in Paragraphs I and II of Section three of Chapter three of this title, and those of thirty years, whether acquisitive or liberative, shall run against minors and interdicted persons, reserving, however, recourse against their tutors or curators.”
LSA-C.C. Article 3536 provides in pertinent part:
“Art. 3536. Other actions prescribed by one year
Art. 3536. The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.” (Emphasis ours)
LSA-C.C. Article 3536 is found in § 1 (“Of the Prescription of One Year”) of Section 3 (“Of the Prescription Which Operates a Release from Debt”) of Chapter 3 (“Of Prescription”) of Title XXIII (“Of Occupancy, Possession and Prescription”) of the Louisiana Civil Code. Thus, the prescriptive period set forth in LSA-C.C. Article 3536 runs against minors. Goodwin v. Bodcaw Lumber Company, 34 So. 74 (La.1902); Alien v. Thibodeaux, 200 So. 680 (La.App. 1 Cir. 1941).
Plaintiff also cites three decisions by the Louisiana Supreme Court in support of his contention. We find these to be either in-apposite to the issue before us or in support of our decision herein [2].
Plaintiff next contends that if LSA-C.C. Article 3541 is found to make the prescription of LSA-C.C. Article 3536 run against minors, for whom no tutor has been appointed, then it is unconstitutional. Plaintiff relies on the due process and equal protection clauses of the Fourteenth Amendment to the U. S. Constitution and LSA-Const. Art. 1, § 3. Essentially, he argues that LSA-C.C. Article 3541 provides a remedy to those minors, who have been placed under the regime of tutorship, against their tutor for failing to institute an action on their behalf within the prescriptive period. However, a minor such as Lisa is provided with no remedy against her parents for their failure to timely institute an action on her behalf[3]. We find no merit to this argument. LSA-C.C. Article 3541 applies equally to all minors whether a tutor has been appointed for them or not.
Finally, plaintiff contends that LSA-C.C. Article 3541 is inapplicable to actions in redhibition, which must be brought within one year from the date of sale. See LSA-C.C. Article 2534. Thus, he argues that this prescription does not run against minors. We find that the prescriptive period of LSA-C.C. Article 2534 runs against minors, there being no exception made for them in that article. See Stelly v. Gerber Products Company, 299 So.2d 529 (La.App. 4 Cir. 1974), writ denied, 302 So.2d 616 (La.1974); Cf. Cotton States Chemical Company, Inc. v. Larrison Enterprises, Inc., 342 So.2d 1212 (La.App. 2 Cir. 1977).
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.

. Plaintiff also cites LSA-C.C. Article 3522 in support of his contention. That article makes the same provision for minors as does LSA-C.C. Article 3554 with respect to prescription. However, it is found in that section of the La. Civil Code dealing with “acquisitive prescription”.

. Plaintiff first cites City of New Orleans v. Ricca, 217 La. 413, 46 So.2d 505 (1950). This case involves acquisitive prescription, rather than liberative prescription. He then cites Tyler v. Lewis, 143 La. 229, 78 So. 477 (1918). Dicta in Tyler supports our decision herein. Finally, plaintiff cites Turner v. Consolidated Underwriters, 248 La. 37, 176 So.2d 420 (1965). Turner is a workmen’s compensation case interpreting the provisions of LSA-R.S. 23:1234, which deals specifically with the limitations of time as applied to minors in workmen’s compensation proceedings.

. Plaintiff argues that a child may not sue his parents under the provisions of LSA-R.S. 9:571. However, LSA-R.S. 9:571 provides a procedural bar to suits by an unemancipated minor against his parents and does not destroy the underlying cause of action. See Walker v. Milton, 263 La. 555, 268 So.2d 654 (1972); Lewis v. Till, 395 So.2d 737 (La.1981). If Lisa would have a cause of action against her parents for their failure to timely institute an action on her behalf (a question which we do not decide), then she could assert that cause of action when the procedural bar is removed.